NATHAN SPEIZER, SAMUEL CHINITZ, ANTHONY A. LUCAS, HENRY BONNEAU, WALTER BAUMANN, WILLIAM BACHMURA AND PHILIP SAPERSTEIN, PLAINTIFFS, v. HARRY LERNER, DAVID E. FELDMAN, HERMAN FELDMAN, DAVID OXFELD AND LINCOLN MUTUAL CASUALTY INSURANCE CO., A CORPORATION OF NEW JERSEY, DEFENDANTS.

Superior Court of New Jersey
Chancery Division

Decided February 9, 1951.

564

For the motion:

Mr. Charles Handler, attorney for plaintiffs.

Against the motion:

Messrs. Rothbard, Harris & Oxfeld, attorneys for defendants David Oxfeld and Herman Feldman.

Messrs. Furst, Furst & Feldman, attorneys for defendant David E. Feldman.

Messrs. Ruback, Albach & Weisman, attorneys for defendant Lincoln Mutual Casualty Insurance Co.

Messrs. Crummy & Consodine, attorneys for defendant Harry Lerner.

STEIN, J. S. C. The plaintiffs moved for an order permitting them to join as a party plaintiff in this action the Newark Twentieth Century Taxicab Association.

On behalf of the defendants it is argued that with a single exception the complaint in this action is no different than the complaint in an earlier action brought by the Association against the same defendants, which earlier action was dismissed for the reason that the plaintiff Association had no such interest in the controversy as would entitle it to the relief sought. Thereupon the present complaint was filed by seven members of the Association as a class complaint in behalf of themselves and all other members of the Association. A comparison between the new complaint and the one that was dismissed shows only one material variance. The present complaint contains an allegation that the defendant David E. Feldman is indebted to the Association itself in a stated sum, for which an accounting is sought. All other allegations of the present complaint are the same as in the earlier complaint, upon which no relief may be had by the Association. It would be both nugatory and futile to allow the Association to be joined generally as a co-plaintiff and then, on motion, to dismiss its complaint for the same reasons that its first complaint was denied a hearing. Therefore, so far as the defendants other than David E. Feldman are concerned, the plaintiffs' motion to join the Association is denied. So far as the defendant David E. Feldman is concerned, plaintiffs' motion to join the Association generally is denied, but it may be added as a plaintiff against the defendant David E. Feldman only, and only with respect to the indebtedness alleged in paragraph 34 of the present complaint and the accounting therein sought from that defendant in favor of the Association. This limited admittance of the Association is allowed on the term and condition that the Association's presence in the cause be subject to a pending motion for summary judgment heretofore made by the defendant David E. Feldman with respect to that part of the complaint which consists of paragraph 34 thereof. It should not be necessary for the defendant who has moved for summary judgment against the class representatives of the Association to proceed *de novo* for summary judgment against the Association itself where on the face of the complaint it appears that the action was

brought for its benefit. The Association should be bound by the result of that motion in the same way as are its representatives, the individual plaintiffs herein.

After the motion to join the Association was made and argued and decision was reserved, the plaintiffs filed an amendment to paragraph 6 of the complaint, and they now claim that by reason of that amendment the Association should be admitted generally as a party plaintiff. The motion which has been under advisement must be decided with regard only to the state of the pleadings as they existed at the time the motion was made, argued, and the court reserved decision. Therefore, for the purposes of the said motion, the substance and effect of the amendment is disregarded.

Since the foregoing views were expressed, the court was advised by letter from the plaintiffs' attorney that he had previously in open court agreed to the arrangement that if the Association is admitted as a party plaintiff, it shall be deemed to have received due notice of the above mentioned motion for summary judgment. On this point the order to be signed will contain an appropriate provision as one consented to by the plaintiffs.

Present order in accordance with the foregoing conclusions.